**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ex rel. JONATHAN CARTER, ) | | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | 09 C 6051 | |
| ) | | |
| DONALD GAETZ, Warden, ) | | |
| Menard Correctional Center, ) | | |
|     Respondent. ) | | |

**MEMORANDUM AND ORDER**

Petitioner Jonathan Carter's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court. For the following reasons, Carter's petition is denied.

**I.     Background**

The court will presume that the state court's factual determinations are correct for the purposes of habeas review as Carter has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The court thus adopts the state court's recitation of the facts, and will briefly summarize the key facts that are relevant to Carter's § 2254 petition.

**A.     Procedural Posture**

Following the death of Willard Jackson, Carter was charged with robbery, vehicular hijacking, multiple counts of first-degree murder, including knowing and intentional murder, and two counts of felony-murder predicated on robbery and vehicular hijacking. After a jury trial, he was convicted of first-degree murder and sentenced to forty-two years in prison.

Carter appealed, and the Illinois Appellate Court affirmed. Carter filed a petition for rehearing that was denied on January 1, 2008. He then filed a petition for leave to appeal

("PLA") with the Illinois Supreme Court challenging the trial court's refusal to instruct on self-defense. The Illinois Supreme Court denied the PLA on March 26, 2008. Carter filed a petition for a writ of certiorari in the United States Supreme Court. His petition was denied on October 6, 2008. Carter did not file a state post-conviction petition.

On September 28, 2009, Carter filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that the trial court's refusal to give a self-defense instruction and the state courts' interpretation of Illinois' felony murder rule violated his right to due process.

**B.     Facts**

Evidence at trial established that on January 23, 2003, Jonathan Carter approached the victim, Willard Jackson, near Jackson's car outside the American Legion Hall in Maywood, Illinois. The two men had an argument. Loretta Gross testified that she drove through Maywood that night and saw a tall, slim, black man cross the street near the corner of 12th and Madison Streets. As she drove by, she saw the man bend down over another man lying on the pavement and saw a short, stocky man standing nearby.

Dimitris Collins testified that he saw Carter walking down the street. As Collins approached Carter, he saw a man, later identified as Jackson, leave the American Legion Hall. After Carter hit Jackson with a "very powerful" punch, Collins collapsed and hit his head on the curb. While Jackson remained prostrate on the pavement, Collins asked Carter what had happened. Carter responded, "I'm hitting a lick," meaning that he was robbing Jackson. Carter then searched Jackson's pockets. Collins later observed Carter driving a car which he assumed belonged to Jackson.

In an interview with police, Carter stated that he approached Jackson's car and flicked the door handle to aggravate him. Jackson eventually emerged and approached Jackson. According to Carter, Jackson's hands were raised as if he was planning to punch Carter. Carter first implicated Eric Lindsey, but then admitted he punched Jackson in the face, causing him to fall down and hit his head on the pavement. Carter contended that he only hit Jackson after Jackson approached him with a shiny object in his hands, which turned out to be Jackson's keys. After the scuffle, Carter left with Jackson's money, car keys, and car. Jackson was taken to a hospital where he died as a result of his injuries.

The State charged Carter with robbery, vehicular hijacking, and multiple counts of first-degree murder including knowing and intentional murder and two counts of felony murder. However, it proceeded only on the felony murder charges for first-degree murder, and dropped the intentional and knowing murder charges. The trial court thus denied Carter's request to give a self-defense jury instruction, reasoning that Carter's only remaining murder charges were based on felony-murder and under Illinois law, self-defense is not a permissible defense to a felony-murder charge.

During deliberation, the jury sent a series of questions to the trial judge. First, they asked if they should consider Carter's intent at the time he struck Jackson and if the reasonable doubt standard applied to intent. The judge responded that the intent at the time of the blow was irrelevant. The jury then asked if it mattered when the intent to rob first occurred and whether sequence was relevant. The court responded that the State only needed to prove that the felony and the murder were part of the "same criminal episode."

## II. Discussion

### A. Threshold Matters

The court will begin by summarizing the rules governing exhaustion and procedural default and by recapping the standard of review that guides this court in resolving Carter's § 2254 petition.

#### 1. Exhaustion and Procedural Default

Before this court may reach the merits of Carter's federal habeas claims, it must consider whether he has exhausted his state remedies and avoided procedural default under Illinois law. *See Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002).

##### a. Exhaustion of State Court Remedies

To exhaust state court remedies, a petitioner must give the state courts an opportunity to act on each of his claims before he presents them to a federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State remedies are exhausted when they are presented to the state's highest court for a ruling on the merits or when no means of pursuing review remain available. *Boerckel*, 526 U.S. at 844-45, 847; 28 U.S.C. § 2254(c). Here, Carter has exhausted his state court remedies because no state court relief is available to him at this stage in the proceedings.

##### b. Procedural Default

Procedural default occurs when a petitioner fails to comply with state procedural rules. *Mahaffey*, 294 F.3d at 915. This occurs when the petitioner fails to pursue all appeals required by state law, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), or fails to fully and fairly present his federal claims to the state court, *Boerckel*, 526 U.S. at 844. It also occurs when the state court did not address a federal claim because the petitioner failed to satisfy an independent and adequate state procedural requirement, *Stewart v. Smith*, 536 U.S. 856 (2002). If an Illinois

appellate court finds that a claim is waived, that holding constitutes an independent and adequate state ground. *Rodriquez v. McAdory*, 318 F.3d 733, 735 (7th Cir. 2003).

Nevertheless, this court may still reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish a fundamental miscarriage of justice, the petitioner must present new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### 2. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405.

With respect to the "unreasonable application" prong under § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively"

unreasonable. *See Lockyer v. Andrade,* 123 S.Ct. 1166, 1174 (2003) (unreasonable application more than incorrect or erroneous). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Searcy v. Jaimet,* 332 F.3d 1081, 1089 (7th Cir. 2003) (decision need not be well reasoned or fully reasoned and is reasonable if one of several equally plausible outcomes); *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

### B.     Carter's Claims

As noted above, on direct appeal, Carter argued in his PLA that the trial court should have given a self-defense instruction since there was a genuine issue of fact for the jury as to whether he acted in self-defense when he struck Jackson. He also contends that the state courts' interpretation of Illinois' felony murder rule violated his right to due process. For the following reasons, these arguments are unavailing.

#### 1.     Self-Defense Instruction

The court begins by considering Carter's contention that the trial court violated his due process rights by declining to give a self-defense instruction. Jury instructions are based on state law. *See United States ex. rel. Mitchell v. Chrans*, No. 99 C 8466, 2003 WL 1745807, at *3 (N.D. Ill. Mar. 31, 2003) (rejecting claim that Illinois law requires a cautionary instruction to be given if requested where there is evidence that a witness is addicted to drugs" as "[t]his issue is not cognizable in a federal court on habeas petition" because it is not based on a violation of federal law). However, this court may only reach the merits of claims based on "alleged violations of the federal constitution, laws and treaties." *Biskup v McCaughtry* 20 F.3d 245 247

(7th Cir. 1994) ("§ 2254 cannot be invoked simply . . . to review alleged violations of state law"). Thus, Carter's state law jury instruction claim is not cognizable in a federal habeas case.

Moreover, although Carter generally asserts that the state court incorrectly applied federal law, he does not provide any specifics or point to any Supreme Court precedent supporting his position. Therefore, he has failed to establish that the state court's ruling is contrary to, or an unreasonable application of, clearly established Supreme Court law as required by 28 U.S.C. §2254(d).

The court also agrees with the respondent that no clearly established federal law stands for the proposition that a defendant is entitled to a self-defense instruction in a felony murder case. Thus, Carter cannot establish that the state court's ruling violated such a rule. *See Knowles v. Mirzayance*, — U.S. —, 129 S.Ct. 1411, 1419 (2009) ("it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (internal citations omitted); *see also Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) (a habeas petitioner "faces an impossible hurdle" when the Supreme Court has not clearly established a right).

In addition, even if this issue was properly before the court, it would still be unavailing as the court may only review a state court decision based on state law if it rises to the level of a due process violation. *See, e.g. Middleton v. McNeil*, 541 U.S. 433, 437 (2004). This occurs when the challenged rulings "so infected the entire trial that the resulting conviction violates due process" and thus prevents a defendant from receiving a fundamentally fair trial. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Carter contends that the jury's questions during deliberation show they were confused so the failure to give a self-defense instruction violated his due process rights.

Regardless of what questions the jury asked, however, Carter was not entitled to his requested instruction. *See People v. Moore*, 447 N.E.2d 1327, 1330 (Ill. 1983) (self-defense is not a recognized defense to a felony murder charge in Illinois)*; see also Purifoy v. Peters*, No. 89 C 20126, 1990 WL 41098, at *4 (N.D. Ill. Apr. 3, 1990) (rejecting habeas petitioner's claim that self-defense is a viable defense to a charge of felony murder under Illinois law), *aff'd by* 963 F.2d 375 (7th Cir. 1992) (unpublished order). Carter also does not mention the other jury instructions given by the trial court or establish why they were, as a whole, insufficient to ensure that he received a fundamentally fair trial. He is, therefore, not entitled to habeas relief based on the trial court's refusal to give a self-defense instruction.

### 2. The State Courts' Interpretation of the Felony Murder Rule

Approaching the jury instruction issue from another angle, Carter contends that the state courts' interpretation of Illinois' felony murder rule violates his due process rights. A state is entitled to create criminal laws along with procedures to carry out those laws. *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996), *citing Patterson v. New York*, 432 U.S. 197, 201-02 (1977). The state's decisions do not violate the due process clause unless they "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id*. Courts examine historical practice when determining if a principle is fundamental. *Montana*, 518 U.S. at 43, *citing Medina v. California*, 505 U.S. 437, 446 (1992). The dearth of federal law holding that a self-defense theory is proper in a felony murder case shows that no fundamental right is at issue. *See Knowles v. Mirzayance*, 129 S.Ct. at 1419.

In any event, the jury was instructed on intent. Where a jury is instructed regarding intent, the refusal to give a self-defense instruction in a first degree felony murder case does not violate the due process clause because if the jury had "credited [the defendant's account that [the

victim's] death was accidental, the instructions would not have permitted them to find [the defendant] guilty of first-degree felony murder." *See Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000). Accordingly, even setting aside the fact that Illinois law does not allow the instruction requested by Carter, the refusal to give a self-defense instruction in this case could not have violated Carter's due process rights.

### C. Certificate of Appealability

As a result of recent amendments to Rule 11 of the Rules Governing § 2254 Cases, the court must consider whether a certificate of appealability should issue. *See* Rule 11(a) of the Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant").

Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

As discussed above, Carter has failed to identify a constitutional issue and thus, by definition, cannot show that a substantial constitutional right is at issue. Accordingly, the court declines to issue a certificate of appealability.

**III. Conclusion**

For the above reasons, Carter's § 2254 petition [#9] is denied and the court declines to issue a certificate of appealability. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATE: July 2, 2010

_____
Blanche M. Manning
United States District Court Judge